Order unanimously reversed and report sealed. Memorandum: This is an appeal by eight public employees pursuant to CPL 190.90, to review an order accepting a Grand Jury report purportedly made in accordance with CPL 190.85. Paragraph (a) of subdivision 1 of the section authorizes a Grand Jury to report "Concerning misconduct, nonfeasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action”. The Grand Jury conducted an investigation into certain incidents which occurred during February and March of 1975 in the Monroe County Jail. It found that appellants engaged in misconduct and recommended that appropriate disciplinary action should be taken against each of them. There are two issues central to this appeal: whether the findings of misconduct are "supported by the preponderance of the credible and legally admissible evidence” (CPL 190.85, subd 2, par [a]); and if so, whether the appellants’ acts were "of sufficient gravity, and so contrary to the general interests of the public, as to be qualified as misconduct” (Matter of the Report of Sept. 1968 Monroe County Supreme Ct. Grand Jury, 32 AD2d 221, 223-224). There is persuasive testimony in the record which indicates that acts of abuse and maltreatment of jail inmates actually occurred. Such callous and insensitive treatment of those confined to public institutions must not be tolerated. Where responsibility for such reprehensible conduct can be assessed against particular public servants in accordance with the statutory standard of proof, immediate disciplinary action, commensurate with the gravity of the violation of trust, must be taken. It is largely, therefore, on the failure of proof in identifying particular perpetrators, rather than doubt that abuses and offenses occurred, that constrains us to seal the report. We of course recognize the right, duty and responsibility of the prison authorities to maintain proper order within the facility. The second, third and fourth paragraphs of the report, recommend *746 ing that disciplinary action be taken against five of the appellants, are based solely on their presence at the scene of the incident. The People have acknowledged as much in taking the position that the credible evidence is insufficient as to one of those employees in that it fails to place that individual in the room where the alleged event occurred. The report itself admits that it is "impossible to determine which of the afore-mentioned [public employees’] actions caused” the incident. The Grand Jury is authorized to submit a report concerning misconduct "by a public servant” as the basis for a recommendation of disciplinary action (CPL 190.85, subd 1, par [2]). Here the report is silent as to what each appellant did to constitute the alleged misconduct (see Matter of Report of Oct. 1966 Monroe County Grand Jury, 27 AD2d 980). It is this lack of specificity which requires the sealing of this portion of the report. The People’s contention that each of the appellants bore joint responsibility for this incident must be rejected in the absence of factual support (Matter of Report of Sept. 1968 Monroe County Supreme Ct. Grand Jury, supra, p 224). The District Attorney has properly agreed that the sixth paragraph of the report should be deleted. While the finding of the conduct of the appellant referred to therein is based upon a preponderance of the evidence, the conclusion that such action is equivalent to misconduct is erroneous. The record fails to show that appellant was in any manner obligated to deal with the situation in a particular way and failed to do so. Accordingly, and in the absence of any standard or basis upon which to conclude that the action taken constitutes misconduct within the meaning of CPL 190.85, paragraph six of the report is sealed. The seventh and ninth paragraphs of the report, recommending two public employees for disciplinary action, must also be sealed. The examination of the record with respect to the findings of these paragraphs results in the conclusion that neither is supported by a preponderance of the credible and legally admissible evidence. The remaining paragraphs of the report do not concern misconduct, nonfeasance or neglect in office by a public servant as required by CPL 190.85 (subd 1, par [a]), and they too must be sealed. (Appeal from order of Monroe County Court accepting report.) Present— Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.